**07 CV 5726**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

METAL TRANSPORT & LOGISTICS, LTD.,
SWISS SHIPPING & LOGISTICS, LTD.
EUROWOOD SHIPPING LTD. and
NORTHWESTERN SHIPPING CO.,

                           Plaintiffs,

                   - against -

CENTRAMET TRADING S.A.,

                        Defendant.

---------------------------------------------------------X

07 Civ.      (   )

**<u>VERIFIED COMPLAINT</u>**

<u>VERIFIED COMPLAINT</u>

Plaintiffs, Metal Transport & Logistics, Ltd., Swiss Shipping & Logistics, Ltd., Eurowood Shipping Ltd. and Northwestern Shipping Co., (hereinafter referred to collectively as "Plaintiffs") by and through their attorneys, Nourse & Bowles, LLP, and for their Verified Complaint against the Defendant, Centramet Trading S.A. (hereinafter referred to as "Centramet" or "Defendant") allege, upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code §1333.

2.     At all material times plaintiff Metal Transport & Logistics Ltd. ("Metal Transport") was, and still is, a foreign corporation with its address at Mill Mall, P.O. Box 964, Road Town, Tortola, British Virgin Islands

3.     At all material times plaintiff Swiss Shipping & Logistics Ltd. ("Swiss Shipping"), was and is a foreign corporation with its address at Mill Mall, P.O. Box 964, Road Town, Tortola, British Virgin Islands.

4.     At all material times plaintiff Eurowood Shipping Ltd. ("Eurowood") was and is a foreign corporation with its address at Trident Chambers, Wickhams Cay, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

5.     At all material times plaintiff Northwestern Shipping Co. ("Northwestern") was and is a foreign corporation with its address at 37, Bolshaya Morskaya Street, St. Petersberg, 190000, Russia.

6.     At all material times Metal Transport was the registered or disponent owner of the VS G. POBEDONOSETS; Swiss Shipping was the registered or disponent owner of the M.V. VOLZHSKIY 10 and the M.V. SIBIRSKIY 2129; Eurowood was the registered or disponent owner of the M.V. APOSTOL ANDREY and the M.V. KNYAZ VLADIMIR and Northwestern was the registered or disponent owner of the M/V VOLGA DON.

7.    Upon information and belief, Defendant Centramet was, and still is, a foreign corporation, or other business, duly organized and operating under the laws of a foreign country with a place of business in Geneva, Switzerland.

8.    Pursuant to voyage charter parties dated August 1, 2005, April 10, 2006, December 25, 2006, July 5, 2006, May 31 2006 and January 22, 2007 respectively, Plaintiffs chartered their Vessels to Centramet for the carriage of steel scrap cargoes in bulk.

9.    During the course of the aforesaid charter parties disputes arose regarding unpaid demurrage[1] owed by Defendant to Plaintiffs in the total amount of $46,597.00, as follows:

| | |
|---|---|
| SV. G. POBEDONOSETS | $11,512.00 |
| M.V. VOLZHSKIY 10 | 10,371.00 |
| M.V. SIBIRSKIY 2129 | 1,999.00 |
| M.V. APOSTOL ANDREY | 7,338.00 |
| S.V. KNYAZ VLADIMIR | 6,437.00 |
| M.V. VOLGA DON | 8,940.00 |
| | $46,597.00 |

---

[1] Demurrage is time used for loading or discharging cargo beyond the contractually agreed upon duration (referred to as "laytime") and if the demurrage is attributable to delays caused by a vessel's charterer than the vessel owner may seek to be compensated for the time lost to the vessel thereby at the agreed upon contractual rate.

10.     Despite due demand Defendant has failed to pay the amounts due and owning under the charter parties.

11.     The charter parties all provide that disputes will be settled by arbitration in London with English law to apply.  Plaintiffs have or will commence London arbitration against Centramet on their claims.

12.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English law (LMAA terms).  As best as can now be estimated, Plaintiffs expect to recover the following amounts in London arbitration:

| | | |
|---|---|---|
| A. | Unpaid demurrage and repair costs: | $46,597.00 |
| B. | 3 years interest at 8.5% per annum: | $11,883.00 |
| C. | Arbitration costs: | $30,000; and |
| D. | Attorneys' fees: | $50,000.00 |
| | Total: | $138,480.00 |

13.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the

jurisdiction of this Court, held in the hands of garnishees including, but not limited to HSBC (USA), Bank of America, Duetsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank and/or BNP Paribas which are believed to be sent by or due and owing to the Defendant.

14.    The Plaintiffs seek an Order from this Court directing the Clerk of the Court to issue Process of maritime Attachment and Garnishment pursuant o Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiffs' claims as described above.

WHEREFORE, Plaintiffs pray:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to HSBC (USA), Bank of America, Duetsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank and/or BNP Paribas which are sent

by or due and owing to the Defendant in the amount of $138,480.00 to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.     That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       June 15, 2007

NOURSE & BOWLES, LLP
Attorneys for Plaintiffs

By:_____
     Shaun F. Carroll (SC-9898)
     One Exchange Plaza
     At 55 Broadway
     New York, NY 10006-3030
     (212) 952-6200

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

SHAUN F. CARROLL, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein

and I have read the foregoing Verified Complaint and know the contents thereof and that

the same are true to my own knowledge, except as to the matters herein stated to be

alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information

submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to before me this
/5th day of June, 2007

Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens County No. ...
Comm... ... November 17, 2009