**07 CV    5726**

NOURSE & BOWLES, LLP
Attorneys for Plaintiffs
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

METAL TRANSPORT & LOGISTICS, LTD.,   :
SWISS SHIPPING & LOGISTICS, LTD.     :
EUROWOOD SHIPPING LTD. and       :
NORTHWESTERN SHIPPING CO.,       :  07 Civ.    (  )
                                     :
            Plaintiffs,       :
                                     :
        - against -       :
                                     :
                                     :
CENTRAMET TRADING S.A.,       :
                                     :
         Defendant.       :

---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## PRELIMINARY STATEMENT

Plaintiffs, Metal Transport & Logistics, Ltd., Swiss Shipping & Logistics, Ltd.,

Eurowood Shipping Ltd. and Northwestern Shipping Co., ("Plaintiffs") respectfully

submit this Memorandum of Law in support of their application for an order directing the

Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure in connection with Plaintiffs' admiralty and maritime

claims in the amount of $148,480.00 resulting from breach of a charter party.

## STATEMENT OF FACTS

At all material times plaintiff Metal Transport & Logistics Ltd. ("Metal

Transport") was, and still is, a foreign corporation with its address at Mill Mall, P.O. Box

964, Road Town, Tortola, British Virgin Islands

At all material times plaintiff Swiss Shipping & Logistics Ltd. ("Swiss

Shipping"), was and is a foreign corporation with its address at Mill Mall, P.O.

Box 964, Road Town, Tortola, British Virgin Islands.

At all material times plaintiff Eurowood Shipping Ltd. ("Eurowood") was

and is a foreign corporation with its address at Trident Chambers, Wickhams Cay,

P.O. Box 146, Road Town, Tortola, British Virgin Islands.

At all material times plaintiff Northwestern Shipping Co. ("Northwestern")

was and is a foreign corporation with its address at 37, Bolshaya Morskaya Street,

St. Petersberg, 190000, Russia.

At all material times Metal Transport was the registered or disponent owner

of the VS G. POBEDONOSETS; Swiss Shipping was the registered or disponent

owner of the M.V. VOLZHSKIY 10 and the M.V. SIBIRSKIY 2129; Eurowood

2

was the registered or disponent owner of the M.V. APOSTOL ANDREY and the

M.V. KNYAZ VLADIMIR and Northwestern was the registered or disponent

owner of the M/V VOLGA DON.

Upon information and belief, Defendant Centramet was, and still is, a

foreign corporation, or other business, duly organized and operating under the laws

of a foreign country with a place of business in Geneva, Switzerland.

Pursuant to voyage charter parties dated August 1, 2005, April 10, 2006,

December 25, 2006, July 5, 2006, May 31 2006 and January 22, 2007 respectively,

Plaintiffs chartered their Vessels to Centramet for the carriage of steel scrap

cargoes in bulk.

During the course of the aforesaid charter parties disputes arose regarding

unpaid demurrage1 owed by Defendant to Plaintiffs in the total amount of

$46,597.00, as follows:

| | |
|---|---|
| SV. G. POBEDONOSETS | $11,512.00 |
| M.V. VOLZHSKIY 10 | 10,371.00 |
| M.V. SIBIRSKIY 2129 | 1,999.00 |

---

[1] Demurrage is time used for loading or discharging cargo beyond the contractually agreed upon duration (referred to as "laytime") and if the demurrage is attributable to delays caused by a vessel's charterer than the vessel owner may seek to be compensated for the time lost to the vessel thereby at the agreed upon contractual rate.

| M.V. APOSTOL ANDREY | 7,338.00 |
| S.V. KNYAZ VLADIMIR | 6,437.00 |
| M.V. VOLGA DON | 8,940.00 |
| | $46,597.00 |

Despite due demand Defendant has failed to pay the amounts due and owning under the charter parties.

The charter parties all provide that disputes will be settled by arbitration in London with English law to apply. Plaintiffs have or will commence London arbitrations against Centramet on their claims.

Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English law (LMAA terms). As best as can now be estimated, Plaintiffs expect to recover the following amounts in London arbitration:

| A. | Unpaid demurrage and repair costs: | $46,597.00 |
| B. | 3 years interest at 8.5% per annum: | $11,883.00 |
| C. | Arbitration costs: | $30,000; and |
| D. | Attorneys' fees: | $50,000.00 |
| | Total: | $138,480.00 |

4

13.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to HSBC (USA), Bank of America, Duetsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Standard Chartered Bank and/or BNP Paribas which are believed to be sent by or due and owing to the Defendant.

14.     The Plaintiffs seek an Order from this Court directing the Clerk of the Court to issue Process of maritime Attachment and Garnishment pursuant o Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiffs' claims as described above.

## ARGUMENT

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendants cannot be "found" with the district:

> With respect to any admiralty or maritime claim in personam
> a verified complaint may contain a prayer for process to
> attach the defendant's good and chattels, or credits and effects
> in the hands of garnishees to be named in the process to the
> amount sued for, if the defendant shall not be found within
> the district. Such a complaint shall be accompanied by an
> affidavit signed by the plaintiff or the plaintiff's attorney that,
> to the affiant's knowledge, or to the best of the affiant's
> information and belief, the defendant cannot be found within
> the district. The verified complaint and affidavit shall be
> reviewed by the court and, if the conditions set forth in this
> rule appear to exist, an order so stating and authorizing
> process of attachment and garnishment shall issue.

Plaintiffs' claims arise under a charter parties which are maritime contracts and therefore are claims within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, The Law of Admiralty 22, n. 65 (2d ed. 1975); 1 Benedict On Admiralty § 184 at 12-11 (7th rev. ed. 2002). Vietrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987); CTI-Container Leasing Corp. v. Oceanic Corp., 682 F.2d 377, 380, n.4 (2d Cir. 1982). Because Plaintiffs possesses maritime claims, they may secure a maritime attachment pursuant to Supplemental Rule B(1) against all assets and property (up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant[s] shall not be found within the district." Supplemental Rule B(1).

Application for a maritime attachment is ex parte and no advance notice is required.

As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process,

since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.

Id.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Rule B.2. If Rule B.1[2] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. Therefore, Plaintiffs may proceed *ex parte* and provide notice promptly after a successful attachment.

---

[2]  Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
   The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry.  If the defendant cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible.  See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.).  As explained in the accompanying Affidavit of Shaun F. Carroll, dated June 15, 2007, Defendant cannot be found within this District Court under this analysis.  Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration.  Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima, S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977).  See also Drys Shipping Corp. v. Freight of the M.S. DRYS, 558 F.2d 1050 (2d Cir. 1977).

Plaintiffs seek to attach Defendant's assets in the hands of non-parties.  In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is required.  Plaintiffs therefore respectfully request that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiff's claim in the London arbitration in the amount of $138,480.00, as nearly as can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiffs should have such other and further relief as is just and proper in the circumstances.

Dated:    New York, New York
          June 15, 2007

                              NOURSE & BOWLES, LLP
                              Attorneys for Plaintiffs

                              By:  _Shaun F. Carroll_
                                   Shaun F. Carroll (SC-9898)
                                   One Exchange Plaza
                                   At 55 Broadway
                                   New York, NY  10006-3030
                                   (212) 952-6200